```
          IN THE UNITED STATES DISTRICT COURT
          FOR THE NORTHERN DISTRICT OF TEXAS
                    DALLAS DIVISION

SAL FINANCIAL SERVICES, INC.,    §
                                 §
                  Plaintiff,     §
                                 § Civil Action No. 3:06-CV-2051-D
VS.                              §
                                 §
RALPH NUGENT and MARC            §
CHAMBERS,                        §
                                 §
                  Defendants.    §
```

## MEMORANDUM OPINION AND ORDER

The instant motion to vacate arbitration award presents the question whether an arbitration panel convened by the National Association of Securities Dealers Inc. ("NASD") exceeded its authority when it allegedly improperly joined a successor entity as a party in an ongoing arbitration proceeding and, after later severing the entity from the underlying dispute, declined to assign a new panel to hear the arbitration involving the successor entity. Concluding that plaintiff has failed to show that the panel exceeded its authority, the court denies the motion to vacate arbitration award, and it dismisses this action with prejudice.

I

Defendants Marc Chambers ("Chambers") and Ralph Nugent ("Nugent") filed claims against their stock broker, Jorge Villalba ("Villalba"), Villalba's supervisor, and American Investment Securities, Inc. ("AIS"), the securities broker dealer for whom Villalba worked, alleging that Villalba had engaged in fraud in

handling their accounts.  Under their customer agreements with AIS, Chambers and Nugent had agreed to submit their claims to binding arbitration.  Accordingly, they submitted their claims to the NASD.

While the arbitration was pending, AIS's assets—including Nugent's and Chambers's accounts—were sold to plaintiff SAL Financial Services, Inc. ("SALF").  Chambers and Nugent subsequently filed a second amended statement of claim, in which they named SALF as a respondent under successor liability and/or fraudulent transfer causes of action, including the Texas Uniform Fraudulent Transfer Act and the de facto merger doctrine.

SALF filed a motion to sever, or, in the alternative, to bifurcate Nugent's and Chambers's claims against it from the underlying liability phase of the proceeding.  Nugent and Chambers objected to the severance of their claims against SALF, but they agreed to bifurcate the claims in order to establish primary liability before presenting their case for successor liability against SALF.  The NASD panel ("Panel") granted SALF's motion to bifurcate and denied a severance.  An arbitration hearing was conducted concerning the remaining respondents, including AIS, who failed to appear.  The Panel issued an award ("Award") in favor of Nugent and Chambers.  In the Award, the Panel granted SALF's request for severance and ordered that a new case number and hearing be assigned to the severed case.  The Panel did not, however, assign a new panel of arbitrators to hear the newly

severed case. The Panel held an arbitration hearing in the severed case, in which it heard Chambers's and Nugent's successor liability and fraudulent transfer causes of action against SALF. During closing arguments, counsel for Nugent and Chambers informed the Panel that because Villalba testified that he had no assets, and because AIS had not appeared, the only assets from which the claimants could obtain a recovery on the Award were those that SALF had purchased from AIS. The Panel issued an award in favor of Nugent and Chambers (collectively, with the first Award, referred to as the "Award").

SALF filed the instant motion to vacate arbitration award, alleging that the Panel exceeded its authority in denying SALF's motion to sever and in refusing to convene a new panel to hear the claims against SALF. Rather than file a response to SALF's motion to vacate, Nugent and Chambers filed a Fed. R. Civ. P. 12(b)(6) motion to dismiss and response or, alternatively, motion for summary judgment. The Federal Arbitration Act provides that "[a]ny application to the court hereunder shall be made and heard in the manner provided by law for the making and hearing of motions." 9 U.S.C. § 6. Because SALF filed a motion to vacate the arbitration award, Nugent and Chambers's opposition pleading is properly treated as a response rather than as a motion to dismiss or for summary judgment. Procedurally, once SALF had the opportunity under N.D. Tex. Civ. R. 7.1(f) to file a reply brief in support of

its motion––rather than responses to defendants' Rule 12(b)(6) motion and alternative summary judgment motion––the motion to vacate arbitration award became ripe for decision. SALF filed its reply brief on January 19, 2007.

                              II

SALF maintains that the Award must be vacated because the Panel exceeded its authority when it failed to properly sever the claims against SALF so that a new panel, which SALF would have a role in selecting, would hear the claims against it. It argues that, as a member of the NASD and by its participation in the arbitration, it agreed to have the arbitration conducted in accordance with the NASD Code of Arbitration Procedure ("Code"). Rule 10314(d)(1) of the Code provides:

> [a]ll persons may be joined in one action as respondents if there is asserted against them, jointly or severally, any right to relief arising out of the same transaction, occurrence, or series of transactions or occurrences and if any questions of law or fact common to all respondents will arise in the action.

SALF argues that it was improperly joined, and its motion to sever should have been granted, because the claims against SALF and the other respondents involved separate and unrelated transactions and activities that occurred at entirely different times and were based on entirely different legal theories of recovery. SALF maintains that the claims against it related to the asset purchase agreement executed in April 2002, in which SALF acquired some assets of AIS,

and raised distinct legal and factual issues, including alleged violations of the Texas Uniform Fraudulent Transfer Act and de facto consolidation or merger, that had nothing to do with the securities trading-related claims against the other respondents. SALF argues that because these claims arose out of separate and distinct transactions, and because there was no question of law or fact common to all respondents, Rule 10314(d) required that the claims against SALF be severed.  SALF moves the court to vacate the Award, contending that the Panel exceeded its authority by failing to follow Rule 10314(d) and by refusing to sever the claims against SALF into a new arbitration to be heard by a new panel of arbitrators.

Nugent and Chambers respond that SALF's argument that the Panel exceeded its authority lacks merit for three reasons. First, the Panel had the discretion to join SALF as a party.  Second, the Code provides that decisions regarding joinder and consolidation are final, binding decisions.  Third, the Panel's decision to join SALF as a party was proper because the Rule contemplates that successor liability/fraudulent transfer claims may be joined in the main action.  Because the court holds below that SALF has not established that the Panel exceeded its powers, it need not reach all the arguments that Nugent and Chambers offer in opposition to SALF's motion to vacate.

III

A

Review of an arbitration award is "exceedingly deferential." *Brabham v. A.G. Edwards & Sons Inc.*, 376 F.3d 377, 380 (5th Cir. 2004) (citing *Glover v. IBP, Inc.*, 334 F.3d 471, 473-74 (5th Cir. 2003)). The standard "has been described as 'among the narrowest known to the law.'" *Mantle v. Upper Deck Co.*, 956 F. Supp. 719, 726 (N.D. Tex. 1997) (Fitzwater, J.) (quoting *ARW Exploration Corp. v. Aguirre*, 45 F.3d 1455, 1462 (10th Cir. 1995)). "There are a very limited number of grounds upon which a district court may vacate an arbitration award." *Am. Cent. E. Tex. Gas Co. v. Union Pac. Res. Group Inc.*, 93 Fed. Appx. 1, 5 (5th Cir. 2004) (unpublished opinion). One ground for vacatur, which SALF asserts, is when the arbitration panel exceeds its powers in making the award. *See* 9 U.S.C. § 10(a)(4). When examining whether an arbitration panel has exceeded its powers, the reviewing court must resolve all doubts in favor of upholding the award. *Action Indus. Inc. v. U.S. Fid. & Guar. Co.*, 358 F.3d 337, 343 (5th Cir. 2004) ("A reviewing court examining whether arbitrators exceeded their powers 'must resolve all doubts in favor of arbitration.'" (quoting *Brook v. Peak Int'l, Ltd.*, 294 F.3d 668, 672 (5th Cir. 2002)); *Executone Info. Sys., Inc. v. Davis*, 26 F.3d 1314, 1320-1321 (5th Cir. 1994). The party moving to vacate an arbitration award has the burden of proof. *Lummus Global Amazonas,*

- 6 -

*S.A. v. Aguaytia Energy Del Peru, S.R. Ltda.*, 256 F.Supp.2d 594, 604 (S.D. Tex. 2002) (citing *Spector v. Torenberg*, 852 F. Supp. 201, 206 (S.D.N.Y. 1994)).

"An arbitrator exceeds his powers when he acts outside the limits of the authority granted to him by the arbitration agreement, such as deciding issues that have not been submitted to him or acting contrary to express provisions of that agreement." *Prescott v. Northlake Christian Sch.*, 141 Fed. Appx. 263, 271-272 (5th Cir. 2005) (unpublished opinion) (internal citations omitted). Although the court accords an arbitration panel's decision considerable deference regarding the merits of the controversy, "[w]here arbitrators act 'contrary to express contractual provisions,' they have exceeded their powers." *Apache Bohai Corp. LDC v. Texaco China BV*, ____ F.3d ____, 2007 WL 587233, at *2 (5th Cir. Feb. 27, 2007) (citing *Delta Queen Steamboat Co. v. Dist. 2 Marine Eng'rs Beneficial Ass'n*, 889 F.2d 599, 604 (5th Cir. 1989)).

> It is well-settled that the arbitrator's jurisdiction is defined by both the contract containing the arbitration clause and the submission agreement.  If the parties go beyond their promise to arbitrate and actually submit an issue to the arbitrator, we look both to the contract *and* the scope of the submissions to the arbitrator to determine the arbitrator's authority.

*Kergosien v. Ocean Energy, Inc.*, 390 F.3d 346, 354 (5th Cir. 2004) (citing *Executone Info. Sys.*, 26 F.3d at 1323). "Limitations on the arbitrators' scope of power must be clear and unambiguous or

else they will be construed narrowly." *Action Indus. Inc.*, 358 F.3d at 343 (5th Cir. 2004) (citing *Mastrobuono v. Shearson Lehman Hutton*, 514 U.S. 52, 62 (1995)).

When an arbitration panel makes an award that is beyond the scope of its authority or jurisdiction, its decision may be overturned. *See, e.g., Smith v. Transport Workers Union of Am., AFL-CIO Air Transp. Local 556*, 374 F.3d 372, 374 (5th Cir. 2004) (per curiam) (vacating arbitration award that modified earlier award when arbitrator ignored contractual limitation that parties shall not have right to seek correction of the award); *Six Flags Over Tex., Inc. v. I.B.E.W.*, 1997 WL 419579, at *7 (N.D. Tex. July 8, 1997) (Fish, J.) (holding that because collective bargaining agreement stated that party presenting grievance had burden of proving correctness of its position beyond a reasonable doubt, once arbitrator concluded that union local was the party presenting the grievance, arbitrator lacked authority to impose burden of proof on employer).

But the mere fact that an arbitration panel commits a legal or procedural error does not mean that it has exceeded its authority. *See Teamsters Local No. 5 v. Formosa Plastics Corp.*, 363 F.3d 368, 371 (5th Cir. 2004) ("If the arbitrator has not exceeded his authority, 'the fact that a court is convinced he committed serious error does not suffice to overturn his decision.'" (citing *Major League Baseball Players Ass'n v. Garvey*, 532 U.S. 504, 509

(2001))). Furthermore, in *Howsam v. Dean Witter Reynolds, Inc.*, 537 U.S. 79 (2002), the Supreme Court held that the application of an NASD procedural rule was "a matter presumptively for the arbitrator, not for the judge." *Id.* at 85. And it observed that "NASD arbitrators, comparatively more expert about the meaning of their own rule, are comparatively better able to interpret and to apply it." *Id.* Although the issue in *Howsam* is distinguishable from the one presented in this case, the Fifth Circuit has cited *Howsam*'s observation about the NASD's expertise in applying its own rules to support the conclusion that, in the absence of a specific agreement to the contrary, determining the qualifications and eligibility of an arbitration panel member was a matter left to the NASD. *See Bulko v. Morgan Stanley DW Inc.*, 450 F.3d 622, 626 (5th Cir. 2006). In other words, the NASD is empowered to interpret and apply its own rules (in *Bulko*, the rule concerning the method of selecting arbitration panel members).

B

SALF's objection to the Panel's treatment of the dispute here, although phrased in terms of "exceeding its authority," is actually a complaint about the Panel's interpretation and application of its own procedural rule. SALF's grounds for vacatur center around whether the Panel correctly applied Rule 10314(d); it does not contend that the Panel acted outside the limits of the authority granted it by the arbitration agreement, such as by deciding an

- 9 -

issue that had not been submitted to arbitration or by acting contrary to express provisions of the arbitration agreement. *Cf. Prescott*, 141 Fed. Appx. at 271-272 (listing these grounds as basis to conclude that arbitrator exceeded authority). SALF relies on an alleged procedural error, which is insufficient of itself to warrant vacatur of the Award. *See Allen v. RBC Dain Rauscher, Inc.*, 2006 WL 1303119, at *5 (W.D. Wash. May 9, 2006) ("Because it is up to the arbitration panel to interpret the NASD Code of Arbitration Procedure and apply it to the proceedings, the Court declines to take a stance on whether a NASD arbitration panel should or should not allow summary dismissal as a general rule. . . . Instead, the Court holds that these are procedural questions to be determined by the NASD arbitration panel. Absent a showing of separate and independent grounds for vacating or modifying an arbitration award under the Federal Arbitration Act, summary dismissal by a NASD arbitration panel is not grounds for vacating or modifying an award."). Thus even assuming *arguendo* that the Panel's decisions to bifurcate rather than sever Nugent and Chambers's proceedings against Villalba and AIS from their proceedings against SALF, and later to sever the claims against SALF but not to submit the claims to a different arbitration panel, were incorrect applications of Rule 10314(d), this is alone insufficient to establish that the Panel exceeded its authority. The procedural decisions of the Panel, even if incorrect, were for

the Panel to decide.  *See Howsam*, 537 U.S. at 85.

SALF's reliance on *Lindland v. United States Wrestling Association, Inc.*, 227 F.3d 1000 (7th Cir. 2000), to support vacatur is misplaced.  In *Lindland* the Seventh Circuit did hold, as SALF asserts, that one of the arbitration awards at issue could not be confirmed because it violated the arbitration rules under which the proceeding was conducted.  *Id*.  And, as SALF notes, the court held that because the arbitrator had exceeded his powers, the award could not be confirmed.  *Id*. at 1003.  But the Rule that was violated was not merely a procedural rule but one that concerned the fundamental question whether the arbitrator had the power to enter the award he made.  *See id*. at 1004.  In *Lindland* a second arbitrator (Campbell) entered an award that directed that the first arbitrator's (Burns's) award not be implemented.  *Id*. at 1003.  The Seventh Circuit held that the second award violated Rule 48 of the American Arbitration Association's Commercial Rules, which provided that an "arbitrator is not empowered to redetermine the merits of any claim already decided."  *Id*. at 1004.  Arbitrator Campbell was bound by the contracts and other rules that gave him power to act.  He could not throw aside those rules, implement his own brand of justice, and overstep his powers.  *Id.*  The holding of *Lindland* on which SALF relies pertains to whether Arbitrator Campbell had the power to make a second award that set aside Arbitrator Burns's first award.  Significantly, unlike the present case, which

involves a claim of procedural error concerning application of NASD Rule 10314(d), "Arbitrator Campbell did not misinterpret Rule 48; he decided to ignore it utterly." *Id.*  Because he lacked the power to enter the award, it could not be confirmed. *Id. Lindland* is therefore consistent with the recognized principle that an arbitrator exceeds his powers when he makes an award that is beyond the scope of his authority or jurisdiction.  It does not stand for the proposition that a mere procedural error in applying an arbitration rule establishes that the arbitrator exceeded his authority.

At most, SALF has established that the NASD violated one of its procedural rules in the course of conducting the arbitration proceeding in this case.  Because SALF has failed to demonstrate that the Panel exceeded its authority when it decided initially not to sever the claims against SALF, and later opted not to convene a new panel to hear the claims against SALF, the court denies SALF's motion to vacate the Award.

\* \* \*

SALF's November 6, 2006 motion to vacate arbitration award is denied, and this action is dismissed with prejudice by judgment filed today.

**SO ORDERED.**

March 9, 2007.

_____
SIDNEY A. FITZWATER
UNITED STATES DISTRICT JUDGE

- 12 -